BRENNAN MANUFACTURING COMPANY v. ALFRED ADAMS.

Argued November 6, 1907—Decided February 24, 1908.

In executing a commission under section 66 of the District Court act whether, upon interrogatories or upon notice, the answers of the witness must be taken in his own words, and it is not sufficient for the commissioner to take the examination in narrative form.

---

On *certiorari* to Atlantic City District Court.

Before Justices SWAYZE and TRENCHARD.

For the prosecutor, defendant, *Clarence L. Cole*.

For the plaintiff, *Eli H. Chandler*.

The opinion of the court was delivered by

SWAYZE, J.   The defendant Lavelle is sued as purchaser for the price of an automobile motor, and the defendant Adams is sued in the same action upon a written guaranty of payment. A joint judgment was rendered against both.

We have not considered the question of misjoinder of parties and causes of action, because no objection for that reason was made at the trial or presented in this court.

The only proof of the guaranty by Adams was in the form of depositions taken in the State of New York. The case

does not show whether they were taken upon interrogatories annexed to a commission pursuant to paragraphs 1 to 7 of section 66 of the District Court act (*Pamph. L.* 1898, *p.* 576), or upon notice pursuant to paragraph 8. In whichever way the plaintiff proceeded, the depositions were not admissible in evidence. If taken under paragraphs 1 to 7, the oath of the commissioner failed to comply with the statute. He was sworn to take the testimony fairly and impartially. The statute requires that he should be sworn to execute the commission faithfully, fairly and impartially. Executing the commission involves more than merely taking the testimony, and the word "faithfully" cannot be disregarded. *Den ex dem. Austin* v. *Thompson,* 1 *Harr.* 72; *Lawrence* v. *Finch,* 2 *C. E. Gr.* 234, 239, 240.

If the depositions were taken under paragraph 8, the statute requires that the interrogatories and answers thereto shall be reduced to writing. Under whichever plan the depositions are taken, the testimony should be taken in the words of the witness, and not reported in narrative form.

In the one case the court approves the interrogatories in advance. In the other case it has the opportunity of passing upon their competency when the commission is returned. In view of the possibility of words being put in the witness' mouth by means of leading questions, and of the temptation to suppress unfavorable answers in order to secure testimony in a form most favorable to the party taking the depositions, and of the chance that the interpretation put by the commissioner upon the witness' answers may differ from that which a jury might adopt, we think these statutory requirements are intended to secure substantial rights, and ought to be carefully complied with and strictly enforced. The court is given power by section 52 of the Evidence act to disregard irregularities or informalities in taking or returning the commission if it is satisfied that the testimony has been fairly and truly taken and returned, but this provision is not applicable in the present case. It is limited to proceedings in the Court of Chancery, Supreme Court, Circuit Court, Court of Common Pleas or Orphans' Court. *Evidence Act, Pamph. L.* 1900, *p.* 376, § 47.

The omission of the provision from the District Court act at the same time that the other provisions of the Evidence act were incorporated is a plain indication that the legislature did not mean to extend this power to the District Courts.

Without these depositions there is no evidence to prove a guaranty by Adams, and as to him the judgment was without foundation. It is unnecessary to consider whether there was evidence to sustain a finding against Lavelle. Since the judgment is joint, it must be reversed. *Peterson* v. *Middlesex and Somerset Traction Co.,* 42 *Vroom* 296.